Judge Marc Barreca
Chapter 11
Hearing: November 8, 2018 at 9:30 am
Response Date: November 11, 2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| In re: | BK No. 18-13174 |
|---|---|
| DISTRIBUTION RESOURCES INC, <br><br> DEBTOR | 2ND MOTION TO SELL ASSETS OF THE ESTATE UNDER 11 U.S.C. § 363(B) WITH NOTICE OF HEARING AND PROOF OF SERVICE AND DECLARATION OF PAUL PRUSI |

## NOTICE OF HEARING and PROOF OF SERVICE

PLEASE TAKE NOTICE that the Debtor's Motion to Sell Assets of the Estate in this case will be heard on the date below and the clerk is directed to note this issue on the appropriate calendar.

<u>Calendar Date:</u>     <u>Thursday, November 8, 2018, at 9:30 AM</u>
<u>Response Date:</u>    <u>November 1, 2018</u>
<u>Before:</u>                  <u>Judge Marc Barreca</u>
<u>Hearing Location:</u> <u>Seattle courtroom</u>

Unless a creditor or other party in interest objects and files a response or objection by the response date above, the court may enter an order without further notice or hearing.

Copies of this Motion have been mailed on this date to all parties via ECF and/or via USPS mail pursuant to the attached mailing matrix. Copies of the contract will not be mailed but can be made available upon request to Debtor's counsel at feinstein1947@gmail.com or kpscordato@gmail.com or via ECF.

Motion to Sell Assets of the Estate        Page 1 of 8

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

## MOTION TO SELL ASSETS OF THE ESTATE
## OUTSIDE THE ORDINARY COURSE OF BUSINESS

Comes now the Debtor, Distribution Resources Inc., by and through its attorney of record, Larry B. Feinstein, and moves the Court as follows:

The Debtor operates a warehouse facility in Kent, Washington at 23001 54th Avenue So., Kent, WA. The business lost its major clients, causing the Debtor to miss payments and default on its warehouse lease. The Debtor holds, distributes and warehouses merchandise from its clients with a value in excess of $10,000,000. Had the Debtor just "closed its doors and filed Chapter 7," it would take a long time for the customers to obtain their goods, transport the goods to their final port of call, and then collect on the warehousing bills of lading due to the estate. And the debtor would have a lot of unhappy customers!!

As such, the Debtor elected to file a liquidating Chapter 11 proceedings, allowing the Debtor to continue to operate in a wind-down mode, ship customer goods in the warehouse to their intended destinations, bill for the warehousing and shipping, and basically "keep the customers happy." By doing so, there would be an ongoing goodwill value to the business. The Debtor has met with and discussed a sale of the business, and several discussions just prior to the filing convinced the Debtor that it had to be open and operating to preserve any value for the estate and the creditors, allowing the Debtor to then file a liquidating Chapter 11 plan.

The Debtor has filed a Motion to fix a claims bar deadline, so that it may propose a liquidating plan of the assets of the estate within the next 30 days.

Motion to Sell Assets of the Estate        Page 2 of 8

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-13174-MLB    Doc 26    Filed 10/16/18    Ent. 10/16/18 17:13:17    Pg. 2 of 18

It is noted on the Debtor's sworn Schedules, the Debtor has normal office furniture, equipment, vehicles, and other assets with a net value of about $149,118. However, about half of that is cash on hand, deposits, and other liquid assets that would not be sold as part of any sale of the business; thus, a Chapter 7 liquidating trustee might gross $75,000 from the sale of the base tangible personal property in the estate. A copy of the Debtor's current Balance Sheet setting for the assets of the estate and the estimated value of same are attached hereto as an exhibit. The Debtor contends that if those same personal property assets were sold by a Chapter 7 trustee at an auction, the net amount received would be significantly less than the Debtor's current book value of the assets. A sale of the assets in the ordinary course would bring considerably more value to the estate.

**I.      Terms of the Sale**

The Debtor has previously negotiated a sale of the business to DC Resources, LLC, but that deal fell apart when the Buyer and the Landlord could not reach an agreement on a long term lease.

**A.** However, the major client of the Debtor, which warehouses the largest portion of the Debtor's space, is working with the Landlord for a scaled down portion of the building and will continue to warehouse its own merchandise at the location. The Debtor intends to allow the lease to be automatically rejected under Section 365 of the Bankruptcy Code.

The client, **Western Glove Works**, with headquarters at 555 Logan

Motion to Sell Assets of the Estate        Page 3 of 8

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-13174-MLB    Doc 26    Filed 10/16/18    Ent. 10/16/18 17:13:17    Pg. 3 of 18

Avenue, Winnipeg MBR3A OS4, Canada, has offered to purchase the attached Exhibit 1 list of assets from the estate for $56,545. The purchaser is not affiliated with the Debtor, not an insider, and is a arms length sale. This is at or exceeds the liquidation value of the assets if the assets were to be auctioned off and in the best interest of the estate to maximize their value, and the client is willing to pay a premium market value for the equipment in place rather than purchasing same in the open market.

**B.** The Debtor has received an offer from **TriCon Logistics**, located at 2511 70th Ave. E., Fife, WA., to purchase about $20,750 of additional assets not needed by the Debtor in the ordinary operations of its business, as set forth on Exhibit 2, and request the Court approve a sale of the additional personal property items attached hereto on the same terms (i.e. free and clear of all liens, if any; and all proceeds shall be escrowed to fund the Debtor's liquidating Plan and not be used for daily or other operating expenses thus directly benefiting the estate.

**C.** The Debtor has received an offer from **SBS Transportation**, located at 917 E 11th Street, Tacoma, WA, to purchase about $5,635 of additional assets not needed by the Debtor in the ordinary operations of its business, and request the Court approve a sale of the additional personal property items attached hereto as Exhibit 3 on the same terms (i.e. free and clear of all liens, if any; and all proceeds shall be escrowed to fund the Debtor's liquidating Plan and not be used for daily or other operating expenses) thus directly benefiting the estate.

As with the prior sale referenced above that fell apart, no receivables, cash

Motion to Sell Assets of the Estate    Page 4 of 8

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-13174-MLB    Doc 26    Filed 10/16/18    Ent. 10/16/18 17:13:17    Pg. 4 of 18

on hand, deposits, and other liquid assets would be sold as part of any sale of the business.

The sales herein would be free and clears of any liens, if any, and the proceeds of sale shall be escrowed to fund the Plan and not be used for operations, thus directly benefiting the estate. Also, the sales might have some price adjustment, as the Buyer's haven't thoroughly inspected the main items, such as the forklifts, electric pallet jacks, computers, etc. so the Debtor requests to be able to negotiate some price adjustments as may be necessary, but for not less than seventy-five percent of the price listed on the Exhibits.

Under Section 363(b)(1) of the Bankruptcy Code, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Such a sale would be subject to the leases and liens which would attach to the proceeds of the sale in order of priority.

In approving the sale of assets outside the ordinary course of business and outside of a Chapter 11 Plan pursuant to Section 363(b) of the Bankruptcy Code, courts have adopted the "sound business purpose" test established by the Second Circuit in *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983). *See also, Stephens Industries, Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Nicole Energy Services, Inc.*, 385 B.R. 201, 230 (Bankr. S.D. Ohio 2008.) *See,* 7 LAWRENCE P. KING, COLLIER ON BANKRUPTCY 363.02[4] (15th ed. rev. 1997) (stating that "[i]t is now generally accepted that section 363 allows such sales in chapter 11,

Motion to Sell Assets of the Estate          Page 5 of 8

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-13174-MLB    Doc 26    Filed 10/16/18    Ent. 10/16/18 17:13:17    Pg. 5 of 18

provided, however, that the sale proponent demonstrates a good, sound business justification for conducting the sale prior to confirmation"); *see also, Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (stating that it would defer to a trustee's judgment so long as there is a legitimate business justification); *Official Comm. of Unsecured Creditors v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141,145 (2d Cir. 1992) (holding that "the bankruptcy court was within its discretion, based on its consideration of all factors, ... to determine that a good business reason existed"); *Stephens Indus., Inc. v McClung*, 789 F.2d 386, 390 (6th Cir. 1986) (adopting the sound business purpose test).

A debtor must consider its fiduciary duties to all creditors and interest holders for the court to approve the proposed sale. In addition, the bankruptcy court must conclude that the debtor satisfied its fiduciary obligations and established a valid business justification to conduct the sale outside of a plan. Courts will also consider whether the fiduciaries that control the debtor are truly disinterested with regards to the sale – if the fiduciaries that control the debtor's decisions in connection with the sale will directly benefit from the sale, then the court must carefully consider whether it is appropriate to defer to their business judgment.

In the instant matter, the principals of the Debtor are neither affiliated nor have any interest in the buyers; there is no major secured creditor in the estate (other than a fork lift and a single equipment lease) that the principals have guaranteed. So, there is no insider benefit from the sale.

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

If substantially all of the assets of a debtor can be sold under section 363(b), without prior confirmation of a Chapter 11 Plan, then the sale can be accomplished much earlier in the Chapter 11 process, resulting in significantly lower legal and accounting fees, and a much quicker sale, as is here. This is the process favored by creditors to liquidate collateral through a Chapter 11 sale process.

The Debtor has filed a concurrent motion to fix a claims bar deadline if one has not already been established in a Section 105 case management order, allowing creditors the opportunity to file claims before any of the proceeds of the sale are disbursed. A motion to assume and assign the existing lease is also contemplated with the sale. Any such future motions would be on shortened time, if necessary, to effectuate closing on or about November 30, 2018.

Wherefore, the Debtor requests an order authorizing the sale under Section 363(b) outside the ordinary course of business, free and clear of liens and encumbrances, as stated above.

Dated this 10th day of October, 2018.

/s/ LARRY B FEINSTEIN
Larry B. Feinstein, WSBA #6074
Kathryn P. Scordato, WSBA #41922
Attorneys for Debtor

## DECLARATION OF PAUL PRUSI

I, PAUL PRUSI, duly sworn upon oath under penalty of perjury under the laws of the State of Washington, declare and state as follows:

I am the managing member of the Debtor and make this Declaration as

Motion to Sell Assets of the Estate    Page 7 of 8

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-13174-MLB    Doc 26    Filed 10/16/18    Ent. 10/16/18 17:13:17    Pg. 7 of 18

such. The facts contained in the preceding Motion to Sell, and that because the first sale noted fell through, this second sale to the two parties set forth in the Motion are true and correct to the best of my knowledge and belief. The Debtor nor I have an interest in the buyer(s) and will not obtain an interest in the buyers. These are arm's length transactions, as I have been trying to sell the business as an ongoing entity for several months in the open market place, and these are the best, highest offers obtained, and will generate the best return for the estate. It is in the best interest of the Debtor and the estate to accept these offers.

In addition, the Debtor is currently marketing the additional personal property assets for the approximate fair market value as indicated on the attached Exhibit 4, with some flexibility as to final price. The Debtor requests authority to sell said assets on the same terms and conditions as to the three sales above, to any non-insider third party Buyer for the sales price or for within 75% of the sales price listed without further order of the court.

Dated this 10th day of October, 2018.

/s/ Paul Prusi
Paul Prusi, Managing Member, Debtor

Motion to Sell Assets of the Estate   Page 8 of 8

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-13174-MLB    Doc 26    Filed 10/16/18    Ent. 10/16/18 17:13:17    Pg. 8 of 18

## Distribution Resources, Inc.

## Propose Asset Sale to WGW

| Item | Price |
|---|---|
| 4 -60' runs of motor driven conveyor line | $7200. |
| 10-10' sections of gravity conveyor line | $1500. |
| Mitsubishi electric forklift FB20KT/charger | $10000. |
| Mitsubishi electric pallet jack (2)/charger | $8000. |
| Jungheinrich electric pallet jack (2)/charger | $7000. |
| 5 – pallet jacks | $625. |
| 4 – hand trucks | $270. |
| 11 – desk top computers/monitors | $1375. |
| office furniture and fixtures | TBD |
| 4 – Zebra Z4 label printers | $3400. |
| 3 - HPLaserJet P4015n document printers | $1500. |
| 1 – Ricoh MP4000 copy machine/scanner | $850. |
| 25 - picking carts | $625. |
| 41 – Z bar hanging racks | $2050. |
| Stretch wrap machine | $1500. |
| Pallet floor scale | $650. |
| Mitel VoiP phone/paging system/15 phones | $10000. |
| corrugated boxes, tape, stretch wrap, labels, ribbon | TBD |

# Distribution Resources, Inc.

## Propose Asset Sale to TriCon Logistics

2511 70th Avenue East, Suite D | Fife, WA 98424

| | |
|---|---|
| 4 -60' runs of motor driven conveyor line | $7200. |
| 10-10' sections of gravity conveyor line | $1500. |
| | |
| Jungheinrich electric pallet jack (2)/charger | $7000. |
| 3 – pallet jacks | $450. |
| | |
| 4 – desk top computers/monitors | $500. |
| office furniture and fixtures | TBD |
| 2– Zebra Z4 label printers | $1700. |
| | |
| 10 - picking carts | $250. |
| | |
| Stretch wrap machine | $1500. |
| Pallet floor scale | $650. |
| | |
| corrugated boxes, tape, stretch wrap, labels, ribbon | TBD |

Distribution Resources, Inc.

proposed asset sale to: SBS Transportation

917 E 11th Street

Tacoma WA  98421

| Item | Price |
|---|---|
| 2 -60' runs of motor driven conveyor line | $3600. |
| 20-10' sections of gravity conveyor line | $3000. |
| Jungheinrich electric pallet jack (2)/charger | $7000. |
| 5 – pallet jacks | $625. |
| 2 – hand trucks | $135. |
| 3 – desk top computers/monitors | $375. |
| office furniture and fixtures | TBD |
| 4 – Zebra Z4 label printers | $3400. |
| 3 -  HPLaserJet P4015n document printers | $1500. |
| 1 – Ricoh MP4000 copy machine/scanner | $850. |
| 25 -  picking carts | $625. |
| Stretch wrap machine | $1500. |
| Pallet floor scale | $650. |
| 2 – 30' flex line gravity conveyor | $2000. |
| 1-  copy machine | $375 |

EXNIBIT 4

Distribution Resources, Inc.

proposed asset sale to Third Parties, including the current proposed buyers who may want to purchase these additional assets

6 – Desk Top Computers $750.

24 –Desks/Chairs $1500.

1 – Conference Room Table/6 chairs $300.

7 – 10' sections of gravity conveyor line $1050.

20 – lunchroom tables/90 chairs $750.

Misc. Shipping Supplies (cartons/tape) $8500.

# Distribution Resources, Inc
## Balance Sheet
### As of August 31, 2018

|  | Aug 31, 18 |
|---|---:|
| **ASSETS** | |
| **Current Assets** | |
| **Checking/Savings** | |
| 1000-00 · Checking | 172,850.51 |
| **Total Checking/Savings** | 172,850.51 |
| **Accounts Receivable** | |
| 1100-00 · Accounts Receivable | 602,127.38 |
| **Total Accounts Receivable** | 602,127.38 |
| **Other Current Assets** | |
| 1098-00 · Undeposited Cash | 18,963.42 |
| 1155-00 · Loan to Shareholder | 20,333.98 |
| 1200-00 · Inventory-002 | 17,859.45 |
| 1360-00 · Prepaid Deposits | 15,723.91 |
| 1400-00 · Inventory-001 | 305.27 |
| 1500-00 · Equipment | 268,904.88 |
| 1510-00 · Furniture & Fixtures | 5,494.02 |
| 1520-00 · Vehicles | 33,899.00 |
| 1540-00 · Software | 8,450.38 |
| 1549-00 · Accumulated Depreciation | -274,361.33 |
| 2120 · Payroll Asset | -5,890.38 |
| **Total Other Current Assets** | 109,682.60 |
| **Total Current Assets** | 884,660.49 |
| **TOTAL ASSETS** | **884,660.49** |
| **LIABILITIES & EQUITY** | |
| **Liabilities** | |
| **Current Liabilities** | |
| **Accounts Payable** | |
| 2000-00 · Accounts Payable | 382,025.88 |
| **Total Accounts Payable** | 382,025.88 |
| **Other Current Liabilities** | |
| 2100-00 · Contracts payable | 190.07 |
| 2150-00 · Line of Credit | -951.15 |
| 2200-00 · Federal W/H tax payable | 3,418.00 |
| 2210-00 · Fica W/H tax payable | 6,552.78 |
| 2212-00 · Medicare tax payable | 1,532.56 |
| 2220-00 · Dept. of L & I Tax Payable | 17,908.04 |

## Distribution Resources, Inc
## Balance Sheet
### As of August 31, 2018

|  | Aug 31, 18 |
|---|---:|
| 2225-00 · Accrued SUTA Tax | 7,368.18 |
| 2226-00 · Accrued FUTA Tax | 195.35 |
| **Total Other Current Liabilities** | 36,213.83 |
| **Total Current Liabilities** | 418,239.71 |
| Total Liabilities | 418,239.71 |
| **Equity** | |
| Retained Earnings | 192,078.52 |
| 3000-00 · Equity Net Worth | 50,858.66 |
| 3010-00 · Common Stock | 205,229.00 |
| Net Income | 18,254.60 |
| **Total Equity** | 466,420.78 |
| **TOTAL LIABILITIES & EQUITY** | 884,660.49 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON, AT SEATTLE

| In re: | BK No. 18-13174 |
|---|---|
| DISTRIBUTION RESOURCES INC, | ORDER ON MOTION TO SELL ASSETS OF THE ESTATE UNDER |
| DEBTOR | 11 U.S.C. § 363(B) |

This matter having come on for hearing on the Debtor's Motion to Sell Assets other than in the ordinary course of business under Section 363(b) of the Bankruptcy Code; and the Court reviewing the Motion and the Declaration of Paul Prusi; and no objections being filed to the proposed sale; and the Debtor asserting the sale is in its best business judgment to be in the best interest of the company and the estate; now, therefore it is

ORDERED that the Debtor may sell those certain assets set out in the 2nd Motion to Sell Assets of the Estate, filed under ECF #_____, by and between the various purchasers designated in the Motion on the terms and for the prices set forth in the Motion, and asmay be modified or amended by the parties as necessary to effectuate the closing on the terms agreed to and approved herein [accounting for scribner errors, minor date or description modifications, or other routine closing

Order Granting Motion to Sell Assets of the Estate  Page 1 of 2

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-13174-MLB    Doc 26    Filed 10/16/18    Ent. 10/16/18 17:13:17    Pg. 15 of 18

changes and modifications that do not materially change the offers submitted by more than 25% on any specific items or items].  The sale shall be free and clear of any liens and encumbrances and all liens and encumbrances, if any, shall attach to the proceeds of the sale in their rank priority.  All funds from the asset sales shall be held by the Debtor and not be used for daily operating expenses, and disbursed only upon confirmation of a Plan or further order of the court.

/// end of order///

Presented by;

/s/ LARRY B FEINSTEIN
Larry B. Feinstein, WSBA #6074
Kathryn P. Scordato, WSBA #41922
Attorneys for Debtor

Order Granting Motion to Sell Assets of the Estate    Page 2 of 2

VORTMAN & FEINSTEIN
2033 6TH AVENUE, SUITE 251
SEATTLE, WA 98121
(206) 223-9595
(206) 386-5355 (fax)

Case 18-13174-MLB    Doc 26    Filed 10/16/18    Ent. 10/16/18 17:13:17    Pg. 16 of 18

Label Matrix for local noticing
0981-2
Case 18-13174-MLB
Western District of Washington
Seattle
Tue Oct 16 16:37:49 PDT 2018

Distribution Resources, Inc.
23001 54th Ave. S.
Kent, WA 98032-6443

Vortman & Feinstein PS
929 108th Ave NE, Suite 1200
Bellevue, WA 98004-4787

U.S. Bankruptcy Court
700 Stewart St, Room 6301
Seattle, WA 98101-4441

A-1 Pallets Inc
7752 S. 259th St.
Kent, WA 98032-7316

Allegiance Staffing
400 Industry Dr.
Seattle, WA 98188-3426

Alliance Packaging
1000 SW 43rd St
Renton, WA 98057-4832

CPT Kent
KG Invetment Mgmt.
11225 SE 6th
Bellevue, WA 98004-6477

CPT Kent Valley Industrial LLC
KG Investment Management
11225 SE 6th St, #215
Bellevue, WA 98004-6477

Cintas Corp.
6800 Cintas Blvd
Cincinnati, OH 45262

City of Kent
220 4th Ave. S.
Kent, WA 98032-5895

Comcast
One Comcast Center
1701 John F Kennedy Blvg
Philadelphia, PA 19103-2899

Davis Door Service
2021 S Grand st
Seattle, WA 98144-4526

De Lage Landen Financial Servi
1111 Old Eagle School Dist.
Wayne, PA 19087-1453

Dept of LNI
315 5th Ave. S
Seattle, WA 98104-2679

Express Services
9701 Boardwalk Blvd
Oklahoma City, OK 73162-6029

FedEx
942 S. Shady Grove Rd
Memphis, TN 38120-4117

GB Systems Inc.
7202 NE 175th St
Kenmore, WA 98028-3506

GBS Systems
7202 NE 175th St.
Kenmore, WA 98028-3506

Georgia Pacific Corrugated LLD
1203 Fones Rd
Olympia, WA 98501-2715

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Long Business Forms
7 N. Wenatchee Ave.
Wenatchee, WA 98801-2246

Magnum Print solutions
5300 4th Ave. S
Seattle, WA 98108-2217

NW Shipping
25046 Lake Fenwick Rd
Kent, WA 98032-4278

Paul Prusi
2424 NW Hillpine Ct.
Bend, OR 97703-6817

Prologis
1321 Auburn Way N
Auburn, WA 98002-4110

Puget Sound Energy
10885 NE 4th
Bellevue, WA 98004-5579

Pure Water Systems
5505 N Cumberland Ave.
Ste 3307
Chicago, IL 60656-4758

Regency Washingtin Health
1800 9th Ave.
Seattle, WA 98101-1358

| | | |
|---|---|---|
| Republic Services<br>18500 N Allied Way<br>Phoenix, AZ 85054-3101 | Rouge Motor Freight<br>23001 54th Ave. S<br>Kent, WA 98032-6443 | Seko<br>1100 Arlington Heights Rd<br>Ste 600<br>Itasca, IL 60143-3111 |
| Supply Source<br>120 County Line Rd SW<br>Unit 102<br>Pacific, WA 98047-2123 | ULine<br>12575 Uline Dr.<br>Pleasant Prairie, WI 53158-3686 | United States Trustee<br>700 Stewart St Ste 5103<br>Seattle, WA 98101-4438 |
| Washington Lift Truck<br>700 S Chicago St<br>Seattle, WA 98108-4394 | Washington State Taxing Agencies<br>Dina Yunker Frank, Asst Attorney General<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188 | Windstream<br>4001 Rodney Pariam Rd.<br>Little Rock, AR 72212-2490 |
| Zions Bancorporation,N.A.dba<br>The Commerce Bank of Washington<br>601 Union Street<br>Seattle, WA 98101-2365 | Kathryn Scordato<br>Vortman & Feinstein PS<br>929 108th Ave NE, Ste 1200<br>Bellevue, WA 98004-4787 | Larry B. Feinstein<br>929 108th Ave. N.E.<br>Suite 1200<br>Bellevue, WA 98004-4787 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Internal Revenue Service
915 2nd Ave MS W244
Seattle WA 98174


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Courtesy NEF | (u)Washington State Tax Agencies | (u)ZB, N.A. dba The Commerce Bank of Washingt |

End of Label Matrix
Mailable recipients    41
Bypassed recipients     3
Total                  44